IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMOL YAN, | : | CIVIL NO. 3:CV-11-2269 |
| Petitioner, | : | |
| | : | (Judge Mariani) |
| v. | : | |
| | : | |
| ERIC HOLDER, et al., | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner Samol Yan ("Petitioner" or "Yan"), a detainee of the United States Immigration and Customs Enforcement ("ICE") Office, who currently is detained at the Clinton County Correctional Facility in McElhattan, Pennsylvania, initiated the above action pro se by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He challenges his continued detention by ICE pending his removal from the United States to Cambodia. Service of the Petition has been directed by separate Order. Presently before the Court is Yan's Motion for Appointment of Counsel. (Doc. 3.)

Prisoners have no "automatic" constitutional or statutory right to appointment of counsel in federal habeas corpus proceedings. See Coleman v. Thompson, 501 U.S. 722 (1991). However, a court has broad discetionary power to appoint counsel to a financially eligible habeas petitioner if "the interests of justice so require . . . ." See 18 U.S.C. § 3006A(a)(2)[1];

---

[1] Any person seeking relief under 28 U.S.C. §§ 2241, 2254, or 2255 may be provided counsel "whenever the United States magistrate or the court determines that the interests of justice so require" and such person is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B).

Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991); Morrison v. Duckworth, 898 F.2d 1298, 1300-01 (7th Cir. 1990); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985), cert. denied, 479 U.S. 913 (1986).

Initially, the court must be convinced that the petitioner has presented a non-frivolous claim. Reese, 946 F.2d at 253-64. If the case is not frivolous, the court must examine whether the appointment of counsel will benefit both the court and the petitioner. Id. at 264. To make this determination, the court must evaluate the legal and factual complexity of the case, as well as the petitioner's ability to investigate facts and present claims. Id. at 263 (citing Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990)). In other federal habeas corpus actions, it has been held that there was no abuse of discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, see Terrovona v. Kincheloe, 912 F.2d 1176, 1177 (9th Cir. 1990), cert. denied, 499 U.S. 979 (1991), or the issues were "straightforward and capable of resolution on the record," Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990), or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions." LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

In the instant case, the Court finds that there are no circumstances which warrant the appointment of counsel at this time. While Yan expresses concern about the complexity of the legal issues in this case, he nevertheless has demonstrated in his Petition that he is capable of identifying the relevant legal authority and of applying that authority to the facts of his case.

Investigation of the facts also does not appear to be beyond his capabilities. With respect to Yan's concerns about his abilities to pursue discovery and to represent himself at a hearing, these concerns are premature at this stage of the case. Discovery is not automatic in habeas corpus cases; rather, a judge may grant discovery only upon a showing of good cause. See Rule 6 of the Rules Governing Section 2254 Cases. Moreover, where Respondents have not yet had an opportunity to respond to the Petition, but are being directed to do so by separate order, it is not even clear that Yan will have a need to request discovery in this case inasmuch as the response likely will include copies of the documents in the possession of ICE that are relevant to the Petition. Further, where our Order directing service of the Petition has specified that we will determine whether to hold a hearing on the basis of the Petition, Respondents' answer, and any reply filed by Petitioner, Yan's concerns about representing himself at a hearing also are premature. Therefore, we cannot say, at least at this point, that Yan will suffer prejudice if he is forced to prosecute this case on his own.

Accordingly, Yan's Motion for Appointment of Counsel will be denied. However, our denial will be without prejudice, such that, in the event that Yan encounters difficulties in litigating this case, including, for example if he determines that he must move for discovery, or a hearing becomes necessary, the matter may be reconsidered either sua sponte or upon a motion properly filed by Yan. An appropriate Order follows.

Robert D. Mariani
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMOL YAN, | : CIVIL NO. 3:CV-11-2269 |
|     Petitioner, | : |
| | : (Judge Mariani) |
| v. | : |
| | : |
| ERIC HOLDER, et al., | : |
|     Respondents | : |

## ORDER

AND NOW, to wit, this 28th day of **DECEMBER, 2011,** in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. 3) is **DENIED** without prejudice.

/s/ Robert D. Mariani
Robert D. Mariani
United States District Judge